## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA

---

| | |
|---|---|
| **AVA KAY CHAMPION** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Civil Action No.: |
| ) | |
| **TARGET NATIONAL BANK,** ) | |
| **NATIONAL ASSOCIATION, and** ) | |
| **CRAIG R. GOOODMAN LAW** ) | |
| **OFFICES, LLP,** ) | <u>Jury Trial Demanded</u> |
| ) | |
| **Defendants.** ) | |

---

## COMPLAINT

---

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and 15 USC § 1640(e).

2.    This action arises out of Defendant Target National Bank, National Association's violations of the Truth In Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), and Defendant Goodman's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and TILA, in their illegal efforts to collect a consumer debt from Plaintiff.

3.      Venue is proper in this District because the acts and transactions occurred here, and Plaintiff resides here.

## PARTIES

4.      Plaintiff Ava Kay Champion (hereinafter "Plaintiff") is a natural person who resides in Gwinnett County, Georgia, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1602(h), and a "cardholder" as that term is defined by 15 U.S.C. § 1602(m).

5.      Defendant Target National Bank, National Association (hereinafter "Defendant Target"), is a national association regulated by the Office of the Comptroller of the Currency, a "creditor" as defined by 15 U.S.C. § 1692a(4) and 15 U.S.C. § 1602(f), and a "card issuer" as that term is defined by 15 U.S.C. § 1602(h), and may be served through the following officer of the association:  Jim Meyer, Vice President and Manager, Target National Bank, N.A., 3901W. 53rd St., Sioux Falls, SD 57106.

6.      Defendant Craig R. Goodman Law Offices, LLP (hereinafter "Defendant Goodman") is, on information and belief, a professional limited liability partnership consists of attorneys licensed to practice law in Georgia, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and an agent of a "card issuer" as that term is defined by 15 U.S.C. § 1602(h), and may be served through its agent for service of process as follows: Craig R.

Goodman, Craig R. Goodman Law Offices, LLP, 1990 Lakeside Parkway, Tucker, GA 30084.

## FACTUAL ALLEGATIONS

7.  Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), and a "credit" as that term is defined by 15 USC § 1602(e), namely, an alleged credit card debt owned and/or serviced by Defendant Target.

8.  After default, Plaintiff's debt was consigned, sold or otherwise transferred to Defendant Goodman for collection from Plaintiff.

### *October 12, 2012 Collection Lawsuit*

9.  On or about October 12, 2012, Defendant Goodman filed a Statement of Claim in the Magistrate Court of Gwinnett County against Plaintiff, which Statement of Claim included a sworn affidavit signed by Craig R. Goodman, whom, on information and belief, is an attorney who is a member, owner and/or employee of Defendant Goodman (hereinafter "Mr. Goodman") (hereinafter the "October 12, 2012 collection lawsuit"). ***Copy of the October***

*12, 2012 collection lawsuit filed as Exhibit 1 to this Complaint (hereinafter "Doc. 1-1").*

10.   The Statement of Claim, which includes Exhibit A to the Statement of Claim, was served on Plaintiff in connection with collection of a debt and in an attempt to collect a debt, and is a "communication" as defined by 15 U.S.C. § 1692a(2).

*Use of Statement of Claim That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Debt*

11.   The Statement of Claim stated Plaintiff is "**indebted to [Defendant Target] as follows:**

**PRINCIPAL:        $7,423.42**

**BILLING STATEMENT ATTACHED AS EXHIBIT "A"**

*See Doc. 1-1.*  (underline and bold added)

12.   The Statement of Claim also stated that Defendant Goodman was seeking to collect: "**the amount of $7,423.42 principal, $.00 interest, plus $103.00 costs to date, and all future costs of this suit**." *See Doc. 1-1.*  (underline and bold added)

13.   The sworn affidavit included on the Statement of Claim was signed by Mr. Goodman and stated:  "**CRAIG R. GOODMAN** being duly sworn on oath, says the foregoing is a just and true statement of the amount owning by [Plaintiff] to Defendant Target, exclusive of all set-offs and just grounds of

defense." ***See Doc. 1-1.***

14.  The sworn affidavit included on the Statement of Claim and signed by Mr. Goodman under penalty of perjury alleges an amount owed that, on information and belief, is based solely on hearsay in the form of electronic data allegedly transferred from the original creditor or an assignee of the original creditor to Defendant Goodman.

15.  On information and belief, this electronic data is converted to paper form and a copy attached as "Exhibit A" to the Statement of Claim. ***Copy of Exhibit A to October 12, 2012 collection lawsuit filed as Exhibit 2 to this Complaint (hereinafter "Doc. 1-2").***

16.  On information and belief, Defendant Goodman did not request any additional evidence from Defendant Target prior to filing the collection lawsuit, and filed the lawsuit, knowing that it did not possess competent evidence and did not intend to obtain it, if challenged by Plaintiff in the collection lawsuit.

17.  On information and belief, prior to filing and serving the Statement of Claim, which includes the sworn affidavit, Defendant Goodman did not review records of the originator of the debt to determine if the contract on which Defendant Goodman allegedly relied to file the collection lawsuit existed and, if so, whether the amount Plaintiff allegedly owed was correct

under the terms of an agreement creating the alleged debt or permitted by law.

18. Without records of the originator of the debt available for Defendant Goodman to review prior to filing and serving the Statement of Claim, which includes the sworn affidavit, and without being able to correctly calculate the amount owed by Plaintiff based on the terms of the contract on which Defendant Goodman allegedly relied to file the collection lawsuit, Defendant Goodman used false, deceptive, and misleading representations or means in connection with collection of the debt by stating in the Statement of Claim that Defendant Target was entitled to an amount not expressly authorized by the agreement creating the alleged debt or permitted by law, which falsely represented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), and which was the use of false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f and 1692f(1).

19. By failing to acquire or review the contract on which Defendant Goodman allegedly relied to file the collection lawsuit against Plaintiff resulted in Mr.

Goodman stating in the Statement of Claim that Defendant Target was entitled to an amount of which he did not possess personal knowledge as represented by his sworn affidavit, and was a threat to any action that cannot legally be taken by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f(1).

20.    By filing the Statement of Claim which contained knowingly false, deceptive, and misleading representations in connection with collection of the debt while unreasonably relying on Defendant Target or an assignee of Defendant Target as to the amount of debt allegedly owed by Plaintiff, without knowledge of whether a contract on which Defendant Goodman allegedly relied to file the collection lawsuit existed, or what language it included regarding contract interest, Defendant Goodman communicated credit information to the State court, the general public, and the Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

21.    The collection lawsuit filed against Plaintiff was based solely on a suit on account, which claim was defective because it was knowingly based on false, deceptive, and misleading statements in the sworn affidavit included with the Statement of Claim that were intended to deceive the state court and

Plaintiff about the knowledge and information that Mr. Goodman had about the correct amount of the alleged debt.

22.   On October 24, 2012, Plaintiff filed an Answer and Defenses of Law in the collection lawsuit. ***Copy of Answer and Defenses of Law filed as Exhibit 3 to this Complaint (hereinafter "Doc. 1-3").***

23.    On or about November 2, 2012, Defendant Goodman filed a Motion to Transfer the collection lawsuit to the State Court of Gwinnett County (hereinafter "Motion to Transfer"). ***Copy of Motion to Transfer filed as Exhibit 4 to this Complaint (hereinafter "Doc. 1-4").***

24.   Without the contract on which Defendant Goodman allegedly relied to file the collection lawsuit, Defendant Goodman may not recover a contract rate of interest or additional charges on the underlying debt.

25.   Although Defendant Goodman discloses no interest rate in the collection lawsuit, Exhibit A to the Statement of Claim (***Doc. 1-2***) clearly shows that interest and additional charges were added to the amount of the alleged debt.

26.   On information and belief, form Statement of Claim(s), such as the one filed in the collection lawsuit against Plaintiff, are generated automatically by a computer owned by Defendant Goodman upon request and routinely provided to Mr. Goodman and other agents of Defendant Goodman who engage in robo-signing tens, if not hundreds, of sworn affidavits each day

without the personal knowledge required to make a sworn affidavit as to the correctness of the amount owed.

27.   The intentional use by Defendant Goodman of the form Statement of Claim in Plaintiff's collection lawsuit, which contains representations that are obviously false, deceptive, and misleading, is the use of false, deceptive, and misleading representations or means in connection with collection of the debt to collect, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair and unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

### Failure To Include § 1692e(11) Language In Subsequent Communication – Attachment to Statement of Claim

28.   The FDCPA states:

"The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

29.   Exhibit A to the Statement of Claim (*Doc. 1-2*) is a "communication" as defined by 15 U.S.C. § 1692a(2).

30.   Exhibit A to the Statement of Claim is not a formal pleading made in connection with a legal action.

31.   Exhibit A to the Statement of Claim is a subsequent communication by Defendant Goodman with Plaintiff made in connection with a legal action

that is not a formal pleading and is in connection with collection of the debt, and Defendant Goodman failed to disclose in Exhibit A to the Statement of Claim that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

### *Defendant Goodman October 19, 2012 Collection Letter*

32.   On or about October 19, 2012, Defendant Goodman sent a collection letter to Plaintiff dated October 19, 2012.   ***Copy of the October 19, 2012 collection letter filed as Exhibit 5 to this Complaint (hereinafter Doc. "1-5").***

33.   The October 19, 2012 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

34.   The October 19, 2012 collection letter stated in the reference block:

RE:   TARGET NATIONAL BANK
      Our File No. 12-00158-0

(Capital letters in original)

35.   The October 19, 2012 collection letter further stated that the balance due on the alleged debt was $7,526.42.

36.   The October 19, 2012 collection letter also stated:

"YOUR ACCOUNT IS SERIOUSLY DELINQUENT.   PLEASE CONTACT OUR OFFICE IMMEDIATELY TO SET UP A PAYMENT SCHEDULE."   (Capital letters in original)

37.   The signature block for the October 19, 2012 collection letter showed the
following:

>"Ms. T. Hand ext. 124
>Sr. Legal Assistant"

38.   Near the bottom of the October 19, 2012 collection letter it stated:

>"Notice
>
>*** THIS COMMUNICATION IS FROM A DEBT
>COLLECTOR***"

(Capital letters in original)

39.   On information and belief, the balance due as stated in the October 19, 2012
collection letter in the amount of $7,526.42 included $103.00 in court costs.

40.   The October 19, 2012 collection letter attempted to collect $103.00 in court
costs before Plaintiff was deemed to be responsible for any amount, but
specifically, court costs in the amount of $103.00.

41.   Since no court had held Plaintiff liable for courts costs in the amount of
$103.00, those charges could not be part of the "BALANCE DUE" as stated
in Defendant Goodman's October 19, 2012 collection letter.

42.   By stating in the October 19, 2012 collection letter that Plaintiff owed the
$103.00 in court costs, Defendant Goodman falsely represented the amount
of the debt owed to Defendant Target by adding court costs in violation of
15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount

or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

43.   By attempting to collect court costs as part of the alleged debt owed to Defendant Target when such amount was not expressly authorized by the agreement creating the debt or permitted by law, Defendant Goodman violated 15 U.S.C. §§ 1692f and 1692f(1).

### *Failure To Include § 1692e(11) Language In Subsequent Communication – Motion to Transfer*

44.   The FDCPA states:

> "The   failure   to   disclose   .   .   .   in   subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

45.   The Motion to Transfer filed by Defendant Goodman (***Doc. 1-4***) is a "communication" as defined by 15 U.S.C. § 1692a(2).

46.   The Motion to Transfer is not a formal pleading made in connection with a legal action.

47.   The Motion to Transfer is a subsequent communication by Defendant Goodman with Plaintiff made in connection with a legal action that is not a formal pleading and is in connection with collection of the debt, and Defendant Goodman failed to disclose in Exhibit A to the Statement of

Claim that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

### Failure To Send Periodic Statements When Required

48. Under TILA, the term "creditor" includes a person who both regularly extends consumer credit for which the payment of a finance charge is or may be required, and is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or by agreement.  The term "creditor" also includes card issuers where the payment of a finance charge is or may be required.  15 U.S.C. § 1602(g).

49. TILA defines "card issuer" as any person who issues a credit card, or the agent of such person with respect to such card.  15 U.S.C. § 1602(o).

50. The credit card issued by Defendant Target was issued under an open end consumer credit plan by agreement with Plaintiff, where the payment of a finance charge may be required, and therefore, Defendant Target is a "card issuer" as defined by the TILA, and Defendant Goodman is an agent of Defendant Target for purposes of collection with respect to the card.

51. The TILA requires that the creditor must send a periodic statement at the end of each billing cycle if either a finance charge has been imposed during the

cycle, or if there is an outstanding debit or credit balance of more than $1 at the end of the cycle.  See, 15 U.S.C. § 1637(b); Reg. Z § 226.5(b)(2)(i).

52.   The periodic statement must be mailed or delivered twenty-one (21) days before the due date disclosed on the statement.  See, 15 U.S.C. § 1666b(a); Reg. Z § 226.5(b)(2)(ii)(A)(i).

53.   The payment due date for a credit card account under an open end consumer credit plan shall be the same day each month.  See, 15 U.S.C. § 1637(o)(1); Reg. Z § 226.7(b)(11)(i).

54.   If an account is in default, the creditor need not send a periodic statement, if:

(1)   The creditor deems the debt to be uncollectible;

(2)   Delinquency collection proceedings have been instituted;

(3)   The creditor has charged off the account in accordance with loan loss provisions and will not charge any additional fees or interest on the account; or

(4)   Furnishing the statement would violate federal law.

See, Reg. Z § 226.5(b)(2)(i).

55.   An account is considered "uncollectible" for purposes of § 226.5(b)(2)(i) only when a creditor has ceased collection efforts, either directly or through a third party.  See, Official Staff Commentary, § 226.5(b)(2)(i)-3.

56.   Creditors institute a delinquency collection proceeding by filing a court action or initiating an adjudicatory process with a third party.  Assigning a debt to a debt collector or other third party would not constitute instituting a collection proceeding.  See, Official Staff Commentary, § 226.5(b)(2)(i)-3.

57.   Defendant Target and its agent, Defendant Goodman, failed to send Plaintiff a periodic statement twenty-one (21) days before the payment due date in the months of December 2011 through September 2012 that complied with the requirements of TILA.

58.   Prior to instituting the delinquency collection proceeding in the form of the collection lawsuit on October 12, 2012, Defendant Target had not deemed the debt to be uncollectible as evidenced by it turning over collection of the debt to Defendant Goodman.

59.   By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of December 2011 through September 2012:

a.   That disclosed the amount of any finance charge added to the account during the period, itemized to show the amounts, if any, due to the application of percentage rates and the amount, if any, imposed as a minimum or fixed charge, Defendants violated 15 U.S.C. § 1637(b)(4);

b.    That disclosed where one or more periodic rates may be used to compute the finance charge, each such rate, the range of balances to which it is applicable, and, unless the annual percentage rate (determined under section 1606(a)(2) of this title) is required to be disclosed pursuant to paragraph [§ 1637(b)] (6), the corresponding nominal annual percentage rate determined by multiplying the periodic rate by the number of periods in a year, Defendants violated 15 U.S.C. § 1637(b)(5);

c.    That disclosed where the total finance charge exceeds 50 cents for a monthly or longer billing cycle, or the pro rata part of 50 cents for a billing cycle shorter than monthly, the total finance charge expressed as an annual percentage rate (determined under section 1606(a)(2) of this title), except that if the finance charge is the sum of two or more products of a rate times a portion of the balance, the creditor may, in lieu of disclosing a single rate for the total charge, disclose each such rate expressed as an annual percentage rate, and the part of the balance to which it is applicable, Defendants violated 15 U.S.C. § 1637(b)(6);

d.   That disclosed the balance on which the finance charge was computed and a statement of how the balance was determined, Defendants violated 15 U.S.C. § 1637(b)(7);

e.   That disclosed the outstanding balance in the account at the end of the period, Defendants violated 15 U.S.C. § 1637(b)(8);

f.   That disclosed the date by which or the period (if any) within which, payment must be made to avoid additional finance charges, Defendants violated 15 U.S.C. § 1637(b)(9);

g.   That disclosed the address to be used by the creditor for the purpose of receiving billing inquiries from the Plaintiff, Defendants violated 15 U.S.C. § 1637(b)(10);

h.   That included a written statement in the following form: "Minimum Payment Warning: Making only the minimum payment will increase the amount of interest you pay and the time it takes to repay your balance", Defendants violated 15 U.S.C. § 1637(b)(11)(A);

i.   That disclosed repayment information that would apply to the outstanding balance of the consumer under the credit plan, including:

(1)   the number of months (rounded to the nearest month) that it would take to pay the entire amount of that balance, if the

consumer pays only the required minimum monthly payments and if no further advances are made;

(2)     the total cost to the consumer, including interest and principal payments, of paying that balance in full, if the consumer pays only the required minimum monthly payments and if no further advances are made;

(3)     the monthly payment amount that would be required for the consumer to eliminate the outstanding balance in 36 months, if no further advances are made, and the total cost to the consumer, including interest and principal payments, of paying that balance in full if the consumer pays the balance over 36 months; and

(4)     a toll-free telephone number at which the consumer may receive information about accessing credit counseling and debt management services,

Defendants violated 15 U.S.C. § 1637(b)(11)(B);

j.     That disclosed the date on which the payment is due or, if different, the date on which a late payment fee will be charged, together with the amount of the fee or charge to be imposed if payment is made after that date, Defendants violated 15 U.S.C. § 1637(b)(12)(A); and

k.     That disclosed if 1 or more late payments may result in an increase in the annual percentage rate applicable to the account, together with the applicable penalty annual percentage rate, Defendants violated 15 U.S.C. § 1637(b)(12)(B).

### *Summary*

60.    The above-detailed conduct by Defendants Target and Goodman in an effort to collect the debt was a violation of numerous and multiple provisions of TILA including, but not limited to the above-cited provisions of TILA.

61.    The above-detailed conduct by Defendant Goodman in an effort to collect the debt was a violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### **TRIAL BY JURY**

62.    Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

### **CAUSES OF ACTION**

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. §§ 1692 *et seq.***

63.    Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

64.    The foregoing acts and omissions of Defendant Goodman constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

65.    As a result of Defendant Goodman's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Goodman herein.

### COUNT II.

### VIOLATIONS OF THE TRUTH IN LENDING ACT

### 15 U.S.C. §§ 1601 *et seq.*

66.    Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

67.    The foregoing acts and omissions of Defendants constitutes numerous and multiple violations of the TILA including, but not limited to each and every one of the above-cited provisions of the TILA, 15 U.S.C. §§ 1601 *et seq.*, with respect to Plaintiff.

68.    As a result of Defendants' violations of the TILA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1640(a)(1); statutory damages in an

amount up to \$5,000.00 pursuant to 15 U.S.C. § 1640(a)(2)(A)(iii); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1640(a)(3) from Defendants herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Goodman:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Goodman and for Plaintiff;

- for an award of statutory damages of \$1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against  Defendant Goodman and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Goodman and for Plaintiff; and

## COUNT II.

## VIOLATIONS OF THE TRUTH IN LENDING ACT

## 15 U.S.C. §§ 1601 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1640(a)(1) against Defendants and for Plaintiff;

- for an award of statutory damages of $5,000.00 pursuant to 15 U.S.C. § 1640(a)(2)(A)(iii) against  Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1640(a)(3) against Defendants and for Plaintiff; and

- for such other and further relief as may be just and proper.

12/04/12                           Respectfully submitted,

                                   **AVA K. CHAMPION**


                                   /s/    Elizabeth Talley Ashley
                                   Elizabeth Talley Ashley, Esq.,
                                   Attorney for Plaintiff
                                   Georgia Bar No. 533660

                                   3451-C Lawrenceville Suwanee Road
                                   Suwanee, GA 30024
                                   (678) 428-4868
                                   talleygray@yahoo.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in LR 5.1(B). The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14 point font.

This 4th day of December, 2012.


/s/   Elizabeth Talley Ashley
Attorney for Plaintiff
Georgia Bar No. 533660

3451-C Lawrenceville Suwanee Road
Suwanee, GA 30024
(678) 428-4868
talleygray@yahoo.com